THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 5373 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | Magistrate Judge Brown |
| SANDOZ, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**SANDOZ, INC.'S MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF PROFESSOR STANLEY S. DAVIS AND THE DECLARATION OF YIHONG QIU SUBMITTED IN SUPPORT OF ABBOTT'S MOTION FOR SUMMARY JUDGMENT**

Sandoz, Inc., by and through its attorneys Lord, Bissell & Brook LLP, hereby submits this Motion to Strike the Supplemental Declaration of Professor Stanley S. Davis and the Declaration of Yihong Qiu submitted in support of Abbott's Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

There are two reasons that the Court should strike at least certain paragraphs of Abbott's expert Stanley Davis's supplemental declaration and the entire declaration of its in-house scientist, Yihong Qiu. First, both declarations are untimely. The opinions that Davis offers in his supplemental declaration should have been included in his expert report, or at least one of the many declarations that he previously filed in this case. Qiu's declaration is late not only because fact discovery closed over a *year* ago, but also because Abbott submits it in response to an argument that Sandoz raised long ago during expert discovery and again during the preliminary injunction proceedings. The Federal Rules do not permit Abbott to come in at this late date with self-serving declarations supporting its summary judgment reply brief.

Second, both declarations provide new testimony that is contrary to previous testimony by the declarant or to Abbott's documents. **REDACTED**

**REDACTED**

For the reasons set forth below, at least certain paragraphs of Davis's supplemental declaration and the entirety of Qiu's declaration should be stricken from the summary judgment record.

## FACTUAL BACKGROUND

As the Court is aware, the parties dispute the meaning of the claim term "pharmaceutically acceptable polymer." Both parties' respective takes on the meaning of this term have been extensively briefed and supported by expert declarations and reports. Important here is Davis's opinion that opinion that "pharmaceutically acceptable polymer" means a polymer capable of forming a matrix to control and extend drug release.

The Court set March 2, 2007 as the deadline for opening expert reports and March 23, 2007 as the deadline for rebuttal expert reports. The Court's did not provide for any additional expert reports. On April 10, 2007, well after the close of the expert report period, Abbott served "supplemental" reports of two of its experts along with new documents relating to those reports. Abbott did not submit a supplemental report of Davis at that time. Sandoz moved to strike these supplemental reports as untimely since Abbott's experts had an obligation to raise these opinions

during the reporting period but did not. The Court denied Sandoz's motion.

On May 29, 2007, Abbott filed its motion for summary judgment according to this Court's scheduling order. On May 30 and 31, 2007, Sandoz deposed Davis.

**REDACTED**

Sandoz filed its opposition to Abbott's motion for summary judgment on June 18, 2007, which included citations to Davis's declarations, expert reports, and deposition testimony. Specifically, Sandoz showed that there was **REDACTED**

(Sandoz SJ Opp. Br.[1] at 7-8.) Sandoz also showed that

**REDACTED**

---

[1] Citations to "(Sandoz SJ Opp. Br. at __.)" refer to Sandoz, Inc.'s Memorandum in Opposition to Abbott Laboratories' Motion for Summary Judgment.

**REDACTED**

Sandoz also argued in its summary judgment opposition that "pharmaceutically acceptable polymer" has a specific meaning in the context of the patents in suit, evidenced by the fact that the specifications differentiate between "pharmaceutically acceptable polymers" and polymers that are "pharmaceutically acceptable excipients"—the former extend release of a drug while the later do not. (*Id.* at 5.)

Finally, Sandoz provided evidence that

**REDACTED**

These arguments were previously timely raised by Sandoz's expert, Walter Chambliss, in his expert report served in March (Ex. 3, Rebuttal Expert Report of Walter Chambliss on Noninfringement, ¶¶6-7, 22-25, 32, 71, 91-92) and in opposing Abbott's preliminary-injunction motion back in January (Ex. 4, Declaration of Walter Chambliss in Opposition to Abbott's Motion for Preliminary Injunction ¶¶13, 82, 89).

On June 29, 2007, Abbott submitted its reply brief in support of its summary-judgment motion. With its reply brief, Abbott submitted a supplemental declaration of Davis—months after the close of expert discovery and a month after his deposition—that purports to offer

4

evidence supporting its summary judgment motion. Specifically, Davis's supplemental declaration offers new opinions on

**REDACTED**

Abbott also submitted Qiu's declaration to support its reply-brief argument

**REDACTED**

While Sandoz argued during expert discovery and in opposing Abbott's *preliminary injunction motion* that these characterizations were from Abbott's scientists, Abbott waited until after Sandoz submitted its *summary judgment opposition brief* to produce a declaration from Qiu.

## ARGUMENT

### I. The declarations are untimely and should be stricken.

#### A. Davis's supplemental declaration is untimely.

Rule 26(a)(2) requires a party's expert's report to contain "a *complete* statement of all opinions to be expressed and the basis and reasons therefor[.]" Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Where, as here, an expert fails to comply with this requirement, the remedy is exclusion of the untimely opinions. *See Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) ("The incentive for total disclosure is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1)."); *Trilogy Comms., Inc. v. Times Fiber Comms., Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997). "The sanction of exclusion [under Rule 37(c)(1)] applies at summary judgment as well as at trial." *Baker v. Indian Prairie Community Unit*, 1999 U.S. Dist. LEXIS 17221, at *12 (N.D. Ill. Oct. 26, 1999).

While experts may supplement their reports under specified conditions, those conditions

are neither present nor invoked here, and must occur before the expert discovery cut-off period in any event. *See* Fed. R. Civ. P. 26(e)(1). Here, expert discovery closed months ago and Davis was deposed almost a month before he submitted his supplemental declaration. Davis's declaration is not only untimely, it isn't even supplemental—it contradicts his earlier sworn testimony without reason or excuse. Abbott should not be allowed to ignore the schedule in this case and submit untimely expert opinions; such opinions should be stricken. *See Stein v. Foamax Int'l, Inc.*, 2001 WL 936566, at *6 (E.D. Pa. Aug. 15, 2001) (holding that the plaintiff "would have the Court allow him to file preliminary expert reports and then freely supplement them with information and opinions that should have been disclosed in the initial report. That result would effectively circumvent the requirement for the disclosure of a timely and complete expert report."); *see also Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603-04 (S.D. Tex. 2001); *Ohio Electronic Engravers, Inc. v. Dampskibsselskabet AF 1912*, 2000 WL 1481654, at *1 (D. Md. Aug. 30, 2000).

"Unless the untimeliness was justified or harmless, the exclusion is automatic." *GSI Group Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 U.S. Dist. LEXIS 17809, *4 (N.D. Ill. Mar. 14, 2007) (*citing Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). Here, Abbott's untimeliness is neither justified nor harmless. Unlike the last time Abbott "supplemented" its experts' opinions, discovery is now closed and the summary judgment motions are fully briefed. Sandoz has no opportunity to respond to Davis's new arguments that are contrary his previous testimony, including testimony elicited during deposition. Sandoz would be prejudiced if Abbott was allowed to provide new or contradictory opinions that are inconsistent with the actual record developed during discovery. The appropriate remedy here is total exclusion. *Trilogy*, 109 F.3d at 744-45; *Salgado*, 150 F.3d at 742.

### B. Qiu's declaration is untimely.

Courts in this district have stricken fact declarations that are, like Qiu's declaration is here, untimely. *See CIVIX-DDI, L.L.C. v. Cellco Partnership*, 387 F. Supp. 2d 869, 884 (N.D. Ill. 2005). In *CIVIX*, the court struck the declaration of Kraft submitted in support of Civix's summary judgment motion because Civix failed to disclose Kraft as a fact witness in its initial disclosures or in a supplemental disclosure. *Id*. The court also held that Civix did not offer any reason for the late disclosure of Kraft, and offered no proof that the argument Kraft was responding to in his declaration was a surprise. *Id*.

This case is no different. Abbott did not produce the **REDACTED**, despite the fact that they were requested well before the close of fact discovery. Sandoz's Chambliss timely discussed **REDACTED** his expert report and in his declaration opposing the preliminary-injunction motion (*see* Ex. 3, ¶¶32, 71; Ex. 4, ¶82), and Sandoz argued them during the preliminary-injunction proceedings (*see* Sandoz PI Opp. Br.[2] at 23). Abbott, therefore, has no excuse for not producing Qiu earlier and cannot claim surprise. Qiu's declaration should be stricken in its entirety.

### II. The declarations offer new or contradictory testimony.

The new declarations are not only untimely—reason enough to strike them—they also contradict the witness's earlier testimony (Davis) or evidence (Qiu). Abbott waited until its summary-judgment reply brief to submit these declarations, and Sandoz is prejudiced because it has no opportunity to respond. "It is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond." *Weizeorick v. ABN AMRO Mortgage Group, Inc.*, No. 01-713, 2004 WL 1880008, at *2 (N.D.

---

[2] Citations to "(Sandox PI Opp. Br. at __)" refer to Sandoz, Inc.'s Opposition to Abbott Laboratories' Motion for Preliminary Injunction.

Ill. Aug. 3, 2004) (*citing Multi-Ad Services, Inc. v. N.L.R.B.*, 255 F.3d 363, 370 (7th Cir. 2001)); *see also Drwiega v. Infrared Testing, Inc.*, No. 03-1365, 2004 WL 1427099, at *2 (N.D. Ill. June 18, 2004) ("A party cannot 'circumvent the adversarial process by raising new arguments in [a] reply.'") (*quoting Parillo v. Commercial Union Ins. Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996)). When a party raises new facts or opinions, particularly ones that contradict previously sworn testimony, the court should strike such new facts or opinions. *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 807-08 (N.D. Ill. 2005).

### A. Davis's supplemental declaration provides new and contradictory opinions under the guise of "supplementation."

Davis's supplemental declaration contains new opinions as well as opinions that contradict his prior testimony, and should therefore be stricken as a matter of law. "[E]xpert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). A simple comparison of Davis's previous testimony with that of his supplemental report demonstrates why Davis's supplemental report should be stricken from the summary judgment record.

#### 1. Davis provides

**REDACTED**

**REDACTED**

Based on these definitions, Sandoz timely produced expert evidence during expert discovery and in opposition to Abbott's preliminary-injunction motion

**REDACTED**

2. **Davis offers the new opinion**

**REDACTED**

**REDACTED**

For these reasons, paragraphs 9-12 of Davis's supplemental declaration should be stricken.

    **3.**    **Davis changes his mind about**

**REDACTED**

**REDACTED**

**REDACTED**

Sandoz, therefore, requests that these inconsistent opinions found at paragraphs 5-7 and 13-23 be stricken.

  **4.**  **Davis for the first time argues**

**REDACTED**

**REDACTED**

In any event, because Davis waited until now to raise this new argument, paragraphs 15-18 of his supplemental declaration should be stricken.

**B.     Qiu's declaration is**

**REDACTED**

**REDACTED**

**CONCLUSION**

For the foregoing reasons, Sandoz respectfully requests that this Court strike Davis's supplemental declaration (or at least paragraphs 5-7 and 9-23) and the Qiu declaration.

Dated: August 9, 2007

                                        Respectfully submitted,

                                        SANDOZ, INC.

                                        By:   /s/ Kevin M. Nelson
                                                    Kevin M. Nelson

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
Myoka Miki Kim
David B. Abramowitz
James T. Peterka
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Sandoz, Inc.*

## CERTIFICATE OF SERVICE

I, Derek E. Johnson, hereby certify that I caused to be served on the Plaintiff, Abbott Laboratories, a true and correct copy of the foregoing SANDOZ, INC.'S MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF PROFESSOR STANLEY S. DAVIS AND THE DECLARATION OF YIHONG QIU SUBMITTED IN SUPPORT OF ABBOTT'S MOTION FOR SUMMARY JUDGMENT by causing copies of same to be delivered to:

| | |
|---|---|
| Jeffrey I. Weinberger<br>Ted G. Dane<br>Andrea Weiss Jeffries<br>Andrew W. Song<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave., 35th Floor<br>Los Angeles, CA 90071-1560<br>Fax: (213) 687-3702 | Jason Rantanen<br>Jennifer L. Polse<br>Munger, Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Fax: (415) 512-4077 |
| Todd J. Ehlman<br>Michael A. Flomenhoft<br>Winston & Strawn, LLP<br>35 W. Wacker Dr., Suite 4200<br>Chicago, IL 60601<br>Fax: (312) 558-5700 | |

via electronic mail, and U.S. mail in a postage-paid envelope, properly addressed and sealed, on this 9th day of August, 2007.

/s/ Derek E. Johnson
Derek E. Johnson

**Exhibits to Sandoz, Inc.'s Motion to Strike the Supplemental Declaration of Professor Stanley S. Davis and the Declaration of Yihong Qiu Submitted in Support of Abbott's Motion for Summary Judgment**

1.  Excerpts of the May 30, 2007 Deposition of Stanley S. Davis.

2.  Declaration of Professor Stanley S. Davis, Ph.D., D.Sc., in Support of Abbott Laboratories' Opposition to Sandoz's Motion for Summary Judgment of Noninfringement and Invalidity.

3.  Rebuttal Expert Report of Dr. Walter G. Chambliss On the Issue of Noninfringement.

4.  Declaration of Dr. Walter G. Chambliss In Support of Sandoz, Inc.'s Opposition to Abbott Laboratories' Motion for Preliminary Injunction.

5.  Declaration of Professor Stanley S. Davis, Ph.D., D.Sc., in Support of Abbott Laboratories' Motion for a Preliminary Injunction.

6.  Expert Report of Professor Stanley S. Davis, Ph.D., D.Sc.

7.  Supplemental Declaration of Professor Stanley S. Davis, Ph.D., D.Sc., in Support of Abbott Laboratories' Motion for Summary Judgment.

# EXHIBITS
# 1-7

Highly Confidential - Filed Under Seal Pursuant to Protective Order