**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., and ABBOTT PHARMACEUTICALS PR LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05 C 5373 |
| v. | ) ) ) | Judge Coar Magistrate Judge Brown |
| SANDOZ, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION IN LIMINE NO. 6 TO PRECLUDE DEFENDANT SANDOZ, INC. FROM OFFERING INVALIDITY EVIDENCE OR ARGUMENT NOT DISCLOSED IN ITS EXPERT REPORTS**

Plaintiffs Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Pharmaceuticals PR Ltd. (collectively, "Abbott") respectfully move to preclude Defendant Sandoz, Inc. ("Sandoz") from presenting argument or evidence during trial relating to certain theories of invalidity that Sandoz did not disclose during discovery.[1]

**I.   BACKGROUND**

Sandoz's proposed jury instructions, and related discussions and correspondence with Abbott, indicate that it intends to introduce invalidity testimony and evidence at trial that it failed to disclose in its expert reports. Specifically, Sandoz apparently intends to present evidence and testimony that:

- Claims 1, 2, 4, 10, 11, or 13 of Abbott's U.S. Patent No. 6,010,718 (the "'718 patent") patent are invalid on the grounds of obviousness in light of the European Patent Publication 028057 B1 (the "'571 publication") in combination with other references;

---

[1] On separate occasions, this Court has admonished Sandoz's trial counsel for its technique of engaging in "trial by ambush," Dec. 5, 2006 a.m. Hearing Tr. at 2 (Ex. 1), and for conducting itself in discovery in a manner that "the federal rules abhor." June 28, 2006 Hearing Tr. at 3 (Ex. 2). The Court has commented that "I don't approve of the way Sandoz practices law or Sandoz's attorneys practice law.  It's sharp practice.  It's beneath the level of practice that I think judges on this court expect lawyers to behave." Dec. 5, 2006 p.m. Hearing Tr. at 78 (Ex. 3).  Sandoz's attempt to introduce new issues on the eve of trial and to flout the Court's summary adjudication rulings is yet the most recent example of its pervasive litigation misconduct

- Abbott's '718 patent and its U.S. Patent No. 6,551,616 (the "'616 patent") are invalid for failure to meet the written description requirement, and
- Abbott's '718 and '616 patents are invalid for failure to meet the enablement requirement.

Sandoz's Proposed Jury Instructions, at 4.1.

Sandoz's designated expert on invalidity, Walter G. Chambliss, never opined on any of these theories of invalidity in his expert report. *See* Expert Report of Dr. Walter G. Chambliss on Invalidity of the Patents in Suit (Ex. 4).[2] Though Dr. Chambliss offered his opinion that Abbott's U.S. Patent No. 6,872,407 (the "'407 patent")[3] was invalid for failure to meet the written description requirement, *see* Expert Report of Dr. Walter G. Chambliss on Invalidity for Failure to Satisfy the Written Description Requirement (opining on the invalidity of the '407 patent) (Ex. 5), he never opined at all on the defenses of enablement or written description as to the '718 or '616 patents.[4] Nor did he opine that any of the claims for the '718 patent *other than claim 6* was invalid based on the '571 publication in combination with other references.[5]

---

[2] Dr. Chambliss opined on only the following theories of invalidity:

- Anticipation: (1) EP '571 publication (claims 1, 2, 4, 6, 10, 11, and 13 of the '718 patent), Expert Report of Dr. Walter G. Chambliss on Invalidity of the Patents in Suit., at 14-22, 47-49; (2) WO '667 publication (claims 1, 2, 4, 6, 10, 11, and 13 of the '718 patent), *id.,* at 22-27, 49-50; (3) EP '571 publication and U.S. Patent No. 5,705,190 (the "'190 patent") (claims 8, 10, 12, and 16 of the '407 patent), *id.*, at 61-67; and (4) PCT Application WO 95/30422 (the "'422 publication") and the '190 patent (claims 8, 10, 12, and 16 of the '407 patent), *id.*, at 68-73.

- Obviousness: (1) EP '571 publication (claims 1, 2, 4, 6, 10, 11, and 13 of the '718 patent), *id.*, at 27-34; (2) WO '667 patent (claims 1, 2, 4, 10, 11, and 13 of the '718 patent), *id.*, at 34-39; (3) WO '422 publication and '190 patent (claims 1, 2, 4, 6, 10, 11, and 13 of the '718 patent), *id.*, at 40-47, 53-55; (4) Neu, Chaisson, and/or Kees articles (claim 6 of the '718 patent), *id.*, at 52-53; (5) EP '571 publication, and Neu, Chaisson, and/or Kees articles (claim 6 of the '718 patent) *id.*, at 50-52; (6) EP '571 publication, '190 and/or '803 patent (claim 2 of the '616 patent), *id.*, at 55-58; (8) EP '571 publication and Neu article (claim 2 of the '616 patent), *id.*, at 58; (9) WO '422 publication and '190 patent (claim 2 of the '616 patent), *id.*, at 58-61.

Ex. 4. Neither Dr. Chambliss – nor any other of Sandoz's experts – offered any opinions on written description or enablement theories as to the '718 or '616 patents.

[3] The '407 patent is no longer at issue in this case. *See* Docket Number 446 (entering parties' Stipulation to dismiss all claims and counterclaims relating to the '407 patent).

[4] *See* fn. 2, *supra*.

[5] *See* fn. 2, *supra*.

Instead, at the eleventh-hour, Sandoz is attempting to bring in newly concocted and previously undisclosed theories of invalidity through the back door, in evasion of its discovery disclosure obligations.

For the reasons set out below, Sandoz should not be permitted to introduce evidence or argument regarding these untimely theories of invalidity at trial.

## II. ARGUMENT

### A. Sandoz Improperly Seeks to Introduce Validity Opinions Not Contained In Its Expert's Rule 26 Report

"Recognizing the importance of expert testimony in modern trial practice, the Civil Rules provide for extensive pretrial disclosure of expert testimony." *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 363 (1st Cir. 1998) (internal quotation marks omitted). Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 "limit experts to the opinions and bases contained in their timely reports . . . . Accordingly, at trial, the direct testimony of experts will be limited to the matters disclosed in their reports." *Funai Elec. Co. v. Daewoo Elec. Corp.*, No. C 04-1830 CRB, 2007 WL 1089702, at * 1 (N.D. Cal. Apr. 11, 2007); *see also Doe v. Johnson*, 52 F.3d 1448, 1464 (7th Cir. 1995) (affirming district court's exclusion of portions of an expert's opinion testimony not timely disclosed before trial); *Flynn v. Langfitt*, Civ. A. No. 88-3551, 1991 WL 24956, at *2-3 (E.D. Pa. Feb. 26, 1991) (granting motion in limine to preclude party "from introducing expert testimony [that] exceeds the scope of the opinions contained in [the] expert's report").

Here, Sandoz never submitted a supplemental expert report for Dr. Chambliss on any of the defenses at issue in this motion. Instead, Sandoz is attempting to simply slip these new theories of invalidity into its trial presentation, in violation and disregard of the clear disclosure requirements of the Federal Rules of Civil Procedure. Because neither Dr. Chambliss nor any other of Sandoz's experts offered any opinion on these three new theories of invalidity in their expert reports, neither Dr. Chambliss nor any of Sandoz's other experts can be permitted to offer any testimony on these untimely theories of invalidity at trial. *Id.* To allow such testimony would frustrate the disclosure requirements of the Federal Rules and greatly prejudice Abbott, which had no prior notice of these theories, and thus no opportunity to conduct proper discovery as to these theories. *Id.; see also Kyles v. JK Guardian Sec. Servs., Inc.*, No. 97 C 8311, 2000 WL 1810003, at * 3 (N.D. Ill. Dec. 11, 2000) ("The disclosure requirements of the Federal Rules of Civil Procedure and the local rules were designed to prevent trial by ambush.").

### B.   Sandoz Should Be Precluded From Introducing Previously-Undisclosed Defenses At Trial

Because Sandoz's invalidity expert's trial testimony must be limited to the scope of his expert report, Sandoz should not be permitted to present any expert testimony in support of its new and untimely invalidity theories, and should be precluded from raising these previously-undisclosed defenses.

#### 1.   Sandoz Should Be Precluded From Introducing Its Untimely Written Description And Non-Enablement Defenses At Trial

It is well-established that a party will be barred from introducing evidence or defenses at trial that it failed to properly and timely disclose in discovery. The purpose of the discovery rules is to avoid "surprise" or "trial by ambush." *American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quoting *Transclean Corp. v. Bridgewood Servs.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) (noting that Rule 26(e)(2) "'has a simple but important purpose; namely, to prevent [t]rial by ambush'"), *aff'd in relevant part*, 290 F.3d 364 (Fed. Cir. 2002) and *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79-80 (E.D.N.Y. 1996) (noting that Rule 26(e)(2) is designed to "eliminat[e] surprise")).

This and other courts regularly rely on these rules and principles to preclude parties from presenting arguments or evidence that were not properly and timely disclosed in discovery. *See Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1374 (Fed. Cir. 2002) (upholding district court's ruling precluding defendant from contesting infringement where it had failed to answer plaintiff's contention interrogatory regarding infringement); *Bowling v. Hasbro, Inc.*, C.A. No. 05-229S, 2007 WL 3274328, at *1 (D.R.I. Nov. 5, 2007) (precluding defendant from presenting untimely invalidity theory based on prior art where defendant had not timely disclosed the prior art in response to plaintiff's interrogatory); *Bridgestone Sports Co., Ltd. v. Acushnet Co.*, No. CIVA 05-132 JJF, 2007 WL 521894, at *4-5 (D. Del. Feb. 15, 2007) (excluding defendant's untimely disclosed prior art references from trial); *Astrazeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 508 (E.D. Pa. 2003) (excluding defendant's reliance on prior art patent where defendant had ignored Court's discovery scheduling deadlines), *aff'd*, 384 F.3d 1333 (Fed. Cir. 2004).

The court in *Bridgestone Sports*, 2007 WL 521894, at *4-5, facing a similar situation, precluded the defendant from relying at trial on prior art that it had not disclosed in its prior

invalidity contentions. The court noted that if it allowed the untimely prior art references, the plaintiff would be greatly prejudiced:

> [I]f [defendant] is permitted to rely on these untimely identified references, [plaintiff] would be required to conduct additional fact and expert discovery in order to formulate a proper response . . . . [Plaintiff] focused its attention during discovery on the numerous references identified by [defendant] in its validity contentions and not on these undisclosed references. As a result, any additional discovery that would be required to afford [plaintiff] a fair opportunity to respond would necessarily require extensions of the deadlines set by the Court in its Scheduling Orders . . . . [T]he Court concludes that the additional time and expense that would follow are consequences [that] could have been avoided. Accordingly, the Court finds no basis upon which to allow [defendant] to rely on these untimely disclosed references . . . .

2007 WL 521894, at * 5. *See also Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1380 (Fed. Cir. 2005) (upholding district court's exclusion of party's untimely testing evidence where party failed to meet its discovery obligations); *Transclean*, 290 F.3d at 1374; *Bowling*, 2007 WL 3274328, at *1; *Astrazeneca*, 278 F. Supp. 2d at 508; *Heidelberg Harris, Inc. v. Mitsubishi Heavy Ind., Ltd*, No. 95 C0673, 1996 WL 680243 at *8-10 (N.D. Ill. Nov. 21, 1999).

The same result is required here. If Sandoz is permitted to rely on its newly-concocted invalidity theories – which it had never disclosed prior to serving its proposed jury instructions on April 28, of this year – Abbott would be greatly prejudiced: Abbott would be required to reopen fact discovery to focus on the newly disclosed prior art references, the date for trial would have to be moved, and an additional and significant expenditure of time and expense would be required. As in *Bridgestone*, Sandoz should be precluded from relying on its non-enablement or written description defenses to the '718 or '616 patents at trial. To do otherwise would be to allow Sandoz to sandbag Abbott, succeed in its case-long effort to engage in trial by ambush, and flout its discovery obligations and this Court's scheduling orders.

Moreover, even if Sandoz were allowed to present these new and untimely defenses, because, for the reasons set out above, Sandoz cannot present expert testimony on its previously undisclosed non-enablement and written description defenses to the '718 and '616 infringement claims, it will be unable to support these defenses. *See Ry-Lock Co. v. Sears, Roebuck & Co.*, 227 F.2d 615, 616-18 (9th Cir. 1955) (reversing district court's finding of invalidity where defendant failed to support its invalidity claims with expert testimony); *Oxford Gene Tech. Ltd.*

5

*v. Mergen Ltd.*, 345 F. Supp. 2d 444, 451 (D. Del. 2004) (denying defendant's Motion for Invalidity on the grounds of anticipation and precluding defendant from arguing anticipation at trial where defendant did not offer its own expert's testimony in support of anticipation defense); *see also Johns Hopkins Univ. v. CellPro*, 978 F. Supp. 184, 189 (D. Del. 1997) (noting, in ordering trebling of jury damages award pursuant to 35 U.S.C. § 284, that defendant had argued obviousness, "but failed to offer any expert testimony in support of the defense"), *aff'd*, 152 F.3d 1342 (Fed. Cir. 1998); *United States Surgical Corp. v. Hosp. Prods. Int'l Party Ltd.*, 701 F. Supp. 314, 338-39 (D. Conn. 1988) (rejecting defendant's enablement defense where "[t]he only testimony cited by the defendant to support [its enablement defense] is the testimony of . . . plaintiff's expert").[6]

Therefore, as an issue of trial management, and in the interests of conserving the Court's, the jury's, the parties', and the witnesses' time, this Court should preclude Sandoz from presenting any argument or evidence pertaining to these untimely disclosed theories of invalidity. *See United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993) ("The trial court has wide discretion in . . . ruling upon admission of evidence."); *Dentsply Int'l Inc. v. Kaydex,* No. 93 C 20099, 1994 WL 376276, at * 1 (N.D. Ill. July 11, 1994) (noting that trial court has "wide discretion in trial management").[7]

### 2. Sandoz Should Be Precluded From Presenting Its Defense Of Obviousness to Claims 1, 2, 4, 10, 11, or 13 of the '718 Patent Based On the '571 Publication In Combination With Other References

For the same reasons, Sandoz must be precluded from presenting its untimely disclosed defense that claims 1, 2, 4, 10, 11, or 13 of the '718 patent are obvious based on the '571 publication in combination with other references. Sandoz failed to timely disclose this new obviousness argument in its expert's reports or anywhere else during discovery. This theory

---

[6] *Cf. Itron, Inc. v. Benghiat*, No. Civ.99-501, 2003 WL 22037710, at * 3 (D. Minn. Aug. 29, 2003) (precluding defendant from presenting written description argument where defendant failed to provide any expert disclosure regarding written description argument: "And [the Court] find[s] no expert disclosure that supports this claim concerning the written description. And without that kind of expert testimony, that confirms, in the Court's view, that [the written description theory] was not raised until the last minute.").

[7] The new theories of invalidity should also be excluded because Sandoz never disclosed these theories in response to Abbott's interrogatory requesting that Sandoz list all of its theories of invalidity. *See* Abbott's Motion in Limine No. 3 to Preclude Defendant Sandoz, Inc. from Offering Evidence or Argument Relating to Invalidity Theories and Evidence Not Disclosed in Discovery (filed concurrently with this motion).

must be excluded on that ground. Moreover, even if Sandoz were permitted to proceed with this new obviousness defense, it will be unable to present expert testimony in support of this theory. *See*, *e.g., Ry-Lock,* 227 F.2d at 616-18. Therefore, as an issue of trial management, this Court should preclude Sandoz from presenting any argument or evidence pertaining to this untimely disclosed obviousness theory. *See Wilson*, 985 F.2d at 351.

### III. CONCLUSION

For the reasons set forth above, the Court should preclude (1) Sandoz's invalidity expert from testifying beyond the scope of his expert report to discuss Sandoz's new and untimely theories of invalidity, and (2) Sandoz from presenting any evidence or argument about its new and untimely disclosed theories of invalidity at trial.

Dated: May 7, 2008

Respectfully submitted,

/S/ Michael A. Flomenhoft
R. Mark McCareins
Todd J. Ehlman
Michael A. Flomenhoft
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
mflomenhoft@winston.com

Of Counsel
Jeffrey I. Weinberger
Ted G. Dane
Andrew W. Song
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, California 90071
(213) 683-9100

Jennifer L. Polse
Jason A. Rantanen
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000

**Counsel for Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Pharmaceuticals PR Ltd.**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies under penalty of perjury that a copy of the foregoing **Plaintiffs' Motion In Limine No. 6 to Preclude Defendant Sandoz, Inc. From Offering Invalidity Evidence or Argument Not Disclosed In Its Expert Reports** was served on the following on May 7, 2008:

| **By Electronic Means:** |
| --- |
| Keith D. Parr, Esq. |
| Scott B. Feder, Esq. |
| Kevin M. Nelson, Esq. |
| LOCKE LORD BISSELL & LIDDELL LLP |
| 111 South Wacker Drive |
| Chicago, IL 60606 |
| (312) 443-0700 |
| kparr@lockelord.com |
| sfeder@lockelord.com |
| knelson@lockelord.com |
| *Attorneys for Sandoz, Inc.* |

Dated: May 7, 2008         /S/ Michael A. Flomenhoft