# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

_____

| | |
|---|---|
| ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., and ABBOTT PHARMACEUTICALS PR LTD., *Plaintiffs*, v. SANDOZ, INC., *Defendant.* | ) ) ) ) No. 05 C 5373 ) ) Judge Richard A. Posner, ) sitting by designation. ) ) |

_____

## MEMORANDUM

This memo is intended to assist the parties in drafting the final pretrial order. They may deviate from it, with an explanation, or note objections. Objections to the preliminary instructions should be noted in the pretrial order, but objections to the final instructions can be deferred to the instructions conference, which will be held during the trial. All references to "trial" in this memo are to the liability trial, unless otherwise indicated

Simultaneously with this memo, I am issuing an order resolving an evidentiary issue that arose at the pretrial conference of June 15, and also a set of jury instructions. These instructions are tentative. Also, at the trial I will probably paraphrase them, and ad lib, to an extent, and the lawyers will have opportunities to object.

**1. Timetable for trial**

The trial will run from 9 a.m. to 4 p.m. each day with brief breaks and 45 minutes for lunch.

Each side will have 15 hours total (subject to extension for good cause) including opening and closing statements, direct- and cross-examinations, and questions and objections. The law clerks will tell the parties the amount of time each side has remaining at the end of each day.

I will be ruthless in cutting off repetitive questioning or wandering, overly technical testimony.

**2. Materials to be submitted**

<u>Revised pretrial order</u>: The final pretrial order is due at 5 p.m. on Friday June 18.

<u>Exhibits</u>: The trial exhibits and objections are due at 5 p.m. Thursday June 17. Each side's exhibits should fit into a single binder for each juror for each phase: one binder for the liability phase, and one for the damages phase. In the event of an appeal, the record on appeal may be supplemented with the full versions of the exhibits. The objections should be sufficiently detailed for me to be able to rule on them without a hearing. Abbreviations such as "H" or rote statements such as "the document is hearsay" are insufficient.

<u>Briefing on the relevance of Teva's sales to Abbott's damages</u>: The parties should brief the question whether Abbott is entitled to seek lost-profit damages based on Teva's sales that were made following Sandoz's entry into the market pursuant to the Abbott's licensing agreement with Teva, including the question whether such losses were foreseeable to Sandoz. Briefs are due on Wednesday June 23.

<u>Briefing on the question of apportionment</u>: I may grant summary judgment on the question how should damages be apportioned among the Abbott entities. The parties should brief this question and include in the brief a proposal for an apportionment. The briefs are due on Wednesday June 23.

**3. Voir Dire**

The jointly submitted proposed jury voir dire questions should be put in the pretrial order. Peremptory challenges should be submitted to me in writing simultaneously.

**4. Preliminary Injunction and Temporary Restraining Order Rulings**

Abbott may not mention the preliminary injunction or temporary restraining order rulings during the liability phase of the trial.

Dated:  June 16, 2010